Rebecca Hyde Skordas (#6409)
**SKORDAS, CASTON & HYDE, LLC**
341 So. Main Street, Suite 303
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 531-8885
Attorneys for Scott Robertson

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JON ROBERTSON,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br><br>Case No. 1:11-CR-00023<br><br>Judge Clark Waddoups |

Scott Robertson, by and through counsel of record, Rebecca H. Skordas, submits the following Memorandum in Support of Motion to Quash the Subpoena Duces Tecum served by the defendant, Jon Robertson, in the above entitled matter:

## FACTS

Scott Robertson has been ordered to produce documents via a subpoena duces tecum as a nonparty witness. (See attachment A) The subpoena has been issued by attorneys for Mr. Robertson's brother, Jon Robertson in the matter of United States v. Jon Robertson in which Jon Robertson has been indicted for tax evasion of his individual income tax. Scott Robertson has entered a plea of guilty to an Information charging him a single count of Making and Subscribing

1

a False Return with respect to his individual income tax return in violation of 26 U.S.C. § 7206(1)

Mr. Robertson has been ordered to produce all books and records of several companies from

multiple locations including outside the state for the years 2001, 2002, 2003, 2004, 2005, and

2006.  Moreover, Mr. Robertson has been asked to produce all records furnished by all those

companies to any tax preparer.  In addition, Mr. Robertson must produce all bank records for

bank accounts maintained by any of those business entities.  Mr. Robertson has also been asked to

produce all correspondence between, among, or involving Clint W. Robertson, Jon H. Robertson,

R. David Grant, Karen Hall and himself related to any of those entities. R. David Grant was

corporate counsel for Infinia Inc. and its related entities. Finally, Scott must furnish all his

individual federal income tax returns for the years 2001, 2002, 2003, 2004, and 2005.

In approximately 2006-2007, Jon Robertson obtained approximately 13 terabytes of the

books and records from the entities he has requested in the subpoena served on Scott Robertson.

All of the records of Infinia Inc. and Infinia Health LLC (which were liquidated in 2009) were

produced to the government by Scott Robertson during its investigation and to Mr. Robertson's

knowledge, have been produced by the government to Jon Robertson in the normal course of

discovery.

## RESPONSE TO SUBPOENA

1.      Lynx Health Care LLC closed in approximately 2004 -2005.  All of the checks
        and bank records from that entity Mr. Robertson had in his possession or
        control were turned over to the government.  Mr. Robertson currently has no
        records responsive to the subpoena for Lynx Health Care LLC.

2

2.       Health Trac is also a closed business.  Mr. Robertson has no records responsive
to the subpoena for Health Trac LLC.

3.       Infinia Inc. and Infinia Health LLC no longer exist.   Scott Robertson has no
interest in the new company formed after Infinia Inc. and Infinia Health LLC
were liquidated.   All of the records related to these entities were provided to
Jon Robertson in 2006-2007 at his request during the break up of his
partnership with Scott Robertson.      Scott Robertson has produced to the
government all documents he had in his possession or control related to Infinia
Inc. and Infinia Health LLC.

4.       Robertson Properties is not an entity controlled or owned by Scott Robertson.
Mr. Robertson has no documents responsive to the subpoena relating to
Robertson Properties.

5.       All of the records relevant to Maryland Capital Mr. Robertson had in his
possession or control have been produced to the government.  Mr. Robertson
has no records responsive to the subpoena relating to Maryland Capital.

6.       Mr. Robertson has no authority to produce the records of Infinia Management
LLC and has no records responsive to the subpoena relating to Infinia
Management LLC.

7.       Mr. Robertson has none of the records furnished to Hokan Olausson responsive
to paragraph 2 of Attachment A of the subpoena.

3

8.    Risk Services Group is Jon Robertson's company.   The records Mr. Scott
      Robertson had in his possession or control related to that entity have been
      turned over to the government.   Mr. Robertson currently has no records
      responsive to subpoena relating to Risk Services Group.

9.    Subject to the arguments below, Scott Robertson has e-mails that may be
      responsive to paragraph 4 of Attachment A of the subpoena.   As indicated, R.
      David Grant was corporate counsel for Infinia Inc. and its related entities.
      Correspondence between Mr. Grant and those listed are protected under the
      attorney client privilege.

10.   Mr. Robertson has previously produced all promissory notes to Jon Robertson
      through his attorney Tom Harkness.

11.   Subject to the arguments below, Mr. Robertson has copies of his individual
      income tax returns for the years set forth in paragraph 6 of Attachment A to the
      subpoena.

## ARGUMENT

These requests are overly burdensome, unreasonably cumulative or duplicative,
expensive, and contrary to Scott's privacy interests. The private financial records requested are
unlikely to reasonably lead to the discovery of admissible evidence in the trial of Jon Robertson
for evasion of his personal income tax.  Accordingly Mr. Robertson asks this Court to quash the

4

subpoena with respect to those documents he has the authority to produce and has in his possession.

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to third parties. *See* Fed.R.Civ.P. 34(c) ("A person not a party to the action may be compelled to produce documents... as provided in Rule 45."). In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A), move for a protective order pursuant to Fed.R.Civ.P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed.R.Civ.P. 45(c)(2)(B). *United States v. Star Scientific, Inc.,* 205 F.Supp.2d 482, 484 (D.Md.2002).

Rule 45 adopts the standard codified in Rule 26, which allows for the discovery of any matter "not privileged, that is relevant to the claim or defense of any party" when the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *cf. Anker v. G.D. Searle,* 126 F.R.D. 515, 518 (M.D.N.C.1989). However, simply because "requested information is discoverable under Rule 26 [ ] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir.2004). Rule 26(b)(2) provides that a district court may limit discovery if it concludes that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.; see also* Fed.R.Civ.P. 26(c) (providing discretion to court to protect a person

5

"from annoyance, embarrassment, oppression, or undue burden or expense").

A trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena" when considering the propriety of enforcing a subpoena. *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed.Cir.1986). In the context of evaluating subpoenas issued to third parties, a court "will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

The subpoena in this case asks Scott Robertson, a non-party, for "all books and records" from various companies involved in the operation of some 60 nursing homes encompassing six years. This includes all records furnished to tax preparers for all those years from all these companies. The subpoena asks for all correspondence between five former and current employees of the these companies that relate to "the business activities, finances, organization and operation, and taxes of the entities listed . . . " Additionally, the subpoena asks for all bank records for bank accounts maintained by all of the companies named.

On its face this is an example of a facially overbroad subpoena. In *Schaaf* the court held that a subpoena that asked the non-party employee witness to hand over all the records in her possession relating to her employer for the last ten years was facially overbroad. *Id.* at 455. The court held that such large quantity of documents would necessarily mean that many would have no connection or relevance to the case in the first place. *Id.* Therefore, the subpoena was unduly burdensome. *Id.* Moreover, unlike in *Schaff* were the non-party witness was still an employee of the company and the records sought only encompassed the one company in one location, Mr.

6

Robertson is being asked to provide all records for a number of companies in multiple locations when he's no longer an employee or involved with them in any capacity.

Even if Mr. Robertson had all of those documents in his possession, he lacks the authority in many instances to disclose them.  Courts have held when company documents are being requested via a third party subpoena of an employee, it is that company's documents regardless of whether they can be found at the employee's home. *See, e.g., In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 and June 22, 1983,* 722 F.2d 981, 984 (2d Cir.1983) ("[A corporation's] records are usually available to others within the entity and may not be treated as the private confidential papers of any one officer or employee.  The officer creates or handles the records in a representative capacity, not on his own behalf.  The records, moreover, do not belong to him but to the organization.").  To the extent that the subpoena seeks discoverable company documents, they should be obtained via appropriate discovery requests or subpoenas to the various companies. *Cf. Riddell Sports, Inc. v. Brooks,* 158 F.R.D. 555, 558 (S.D.N.Y.1994) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party."); *Schaaf v. SmithKline Beecham Corp.,* 233 F.R.D. 451, 455 (E.D.N.C. 2005).

In cases where the company has already dissolved, it is not a foregone conclusion that the non-party former employee must disclose the company documents he possesses.  In *Saxon Industries,* 722 F.2d 981 (2d Cir.1983), the case involved an appeal by a former corporate officer who was held in civil contempt for his refusal to comply with a grand jury subpoena duces tecum commanding production of corporate records retained by him after he left the corporation.  The court held that "[o]nce the officer leaves the company ... he no longer acts as a corporate

7

representative but functions in an individual capacity in his possession of corporate records." *Id.* at 986-87. Thus, in *Saxon Industries,* the case was remanded to the district court to determine "whether appellant's production of the [corporate] documents, regardless of their contents, might have [a] self-incriminatory effect." *Id.* at 987.

In this case, the subpoena requests correspondence between corporate counsel and current and former employees of various entities represented by him. It also asks for "all e-mails, attachments, and documents relating to promissory notes" on behalf of any of the entities including but not limited to documents from the computer of corporate counsel, R. David Grant. Mr. Robertson has no authority or ability order the production of documents from the computer of R. David Grant.

The subpoena seeks private financial records of Scott Robertson who is not a party to the case. "The right of privacy and the right to keep confidential one's financial affairs is well recognized." *Hecht v. Pro-Football, Inc.,* 46 F.R.D. 605, 607 (D.D.C 1969). It seems to be part of human nature not to desire to disclose them. It is not privileged matter in the legal sense of the term, but even if the information is not privileged, and it is not, "it still may be oppressive or unreasonable to require disclosure at the taking of a deposition." *Id.* This information can be obtained at the trial if the trial progresses to a point where it becomes relevant. It is oppressive and unreasonable to require Scott Robertson to disclose this information in advance when many things may happen between now and the trial that might make the disclosure unnecessary. It is an open question how Scott Robertson's personal records are of any relevance to John Robertson's prosecution for failure to pay personal income taxes. Moreover, Scott Robertson's tax returns and

8

personal bank records have been disclosed to the government.    If John Robertson has a viable claim that Scott Robertson's personal financial records are exculpatory to him under *Brady/Giglio*, the government has an obligation to produce those records at a reasonable time prior to trial.

The court should find that this subpoena duces tecum is unreasonably, cumulative, burdensome, expensive and seeks evidence that is obtainable from another source. To withstand a motion to quash subpoena served on third party, party serving subpoena is required to show that documents sought were evidentiary and relevant and that they were not otherwise procurable reasonably in advance of trial by exercise of due diligence. Moreover, party serving subpoena must show that party could not properly prepare for trial without such production and inspection in advance of trial, that failure to obtain such inspection might tend to unreasonably delay trial and that application was made in good faith and was not intended as general fishing expedition. Fed.Rules Cr.Proc.Rule 17(c), 18 U.S.C.A; *see also U.S. v. Myerson*, 684 F. Supp. 41 (S.D. N.Y. 1988). Given the circumstances in this case, the subpoena fails this high bar.

RESPECTFULLY SUBMITTED this __13th__ day of April, 2012.

SKORDAS, CASTON & HYDE, LLC


/s/Rebecca Hyde Skordas
Rebecca Hyde Skordas

9

# CERTIFICATE OF SERVICE

I hereby certify that on this ___13th__ day of April, 2012, I filed a true and correct copy of

the foregoing MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA, with

the Clerk of the Court using CM/ECF system, which sent notification of such filing to the

following:

          Kimberly M. Shartar – kimberly.m.shartar@usdoj.gov
          Monica B. Edelstein  – monica.edelstein@usdoj.gov
          Stewart C. Walz  – stewart.walz@usdoj.gov
          Neil A. Kaplan – nak@clydesnow.com
          D. Loren Washburn - dlw@clydesnow.com
          Jennifer A. James - jaj@clydesnow.com


                    /s/Rebecca Hyde Skordas
                    Rebecca Hyde Skordas

10

# Attachment A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the

United States of America )
v. )
)       Case No.  1:11-CR-23 (CW)
Jon Robertson )
)
*Defendant* )

### SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Scott Robertson
      450 S. 400 E., Suite 200
      Bountiful, UT  84010

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: Clyde Snow & Sessions | Courtroom No.: |
|---|---|
| 201 S. Main St., SUite 1300 | Date and Time: April 13, 2012 10:00 a.m. |
| Salt Lake City, UT 84111 | |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

            See Attachment A

      *(SEAL)*

Date:  *03-30-2012*

                                          CLERK OF COURT       D. MARK JONES

                                          *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Def. Jon Robertson          , who requests this subpoena, are:

Jennifer A. James (jaj@clydesnow.com), D. Loren Washburn (dlw@clydesnow.com)
Clyde Snow & Sessions, 201 S. Main St., Suite 1300, Salt Lake City, UT  84111
801-322-2516

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Attachment A

All books and records of **Lynx Health Care LLC; Health Trac LLC; Kick Technologies, LLC; Infinia, Inc.; Infinia Health Care LLC; Robertson Properties; Maryland Captial; and, Infinia Management LLC** for the years 2000 through 2006, including but not limited to the following: accounting records whether digital or hard copy in whatever format, balance sheets, income statements, bank statements, cancelled checks, detailed general ledgers, accounts payable, accounts receivable, payroll records, general journal and other journal entries, entity organization records, entity bylaws, and all records provided to accountants to prepare tax returns for the years 2001, 2002, 2003, 2004, 2005, and 2006.

All records furnished to Hokan Olausson CPA or any other accountant (tax preparer) to prepare tax returns for the years 2001, 2002, 2003, 2004, 2005, and 2006 for all entities named above as well as , including but not limited to **Infinia Health Care Group, Inc; Infinia at Arizona, Inc.; Infinia at Hutchinson, Inc.; Infinia at Yates Center, Inc; Infinia Properties of Kansas (IPK), LLC.; Robertson Properties Two, LLC; Robertson Properties Midwest, LLC.; Generations, LLC.; Maryland Capital, LLC; Infinia at Mansfield, Inc.; Resource Management, LLC; Infinia Properties of Arizona, LLC.; Infinia Health Care, LLC.; Theraprime Management, LLC.; Theraprime of Minnesota, LLC.; Theraprime of Arizona, LLC.; Theraprime of Utah, LLC.; Theraprime of Kansas, LLC.; Theraprime of Nebraska, LLC.; Infinia Healthcare, LLC.; Infinia Health Care, Inc**.

All bank records for bank accounts maintained by any of the business entities identified above and additionally for any bank account in the name of **Risk Services Group.** The records requested include but are not limited to signature cards, cancelled checks, bank account statements, and deposit items.

All correspondence, whether by letter, email, text message, audio recording or whatever other format, between, among, or involving Clint W. Robertson, Jon H. Robertson, R. David Grant, Scott W. Robertson and Karen Hall related to the business activities, finances, organization and operation, and taxes of the entities listed in the first or second paragraph of this attachment.

All emails, attachments, and other documents relating to promissory notes on behalf of any of the above identified entities or Jon Robertson, Scott Robertson, or Clint Robertson, including but not limited to documents from the computer of R. David Grant.

U.S. Individual Income Tax Returns as filed with the Internal Revenue Service for Scott Robertson, including any joint income tax returns and regardless of the form used (1040, 1040A, or 1040EZ) for the years 2001, 2002, 2003, 2004, and 2005.